**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**KIM TATUM**                                                                                          **PLAINTIFF**

**v.**                                                                        **CAUSE NO. 3:11-CV-117-CWR-FKB**

**JAMES KELLEY, JR.; DTS**
**TRANSPORTATION, INC.; JOHN DOES**
**1-10; JOHN DOE ENTITIES 1-10**                                                     **DEFENDANTS**

## ORDER

Pending before the Court is the motion of defendants James Kelley, Jr. and DTS Transportation, Inc. for summary judgment on plaintiff Kim Tatum's punitive damages claim. Docket No. 85. Tatum has responded in opposition, Docket No. 88, the defendants have replied, Docket No. 90, and the matter is ready for review. The motion will be denied.

*I.     Factual and Procedural History*

On January 6, 2010, in Magee, Mississippi, the tractor-trailer driven by James Kelley, Jr. hit Kim Tatum's vehicle while Tatum was stopped at a stop sign. Docket Nos. 85, at 3; 85-6. It is undisputed that Kelley turned left too sharply and struck the driver's side rear corner of Tatum's vehicle. Docket Nos. 17, at 2; 85-6 at 2 & 4.

Tatum, a resident of Mississippi, originally filed suit in the Circuit Court of Simpson County. Docket No. 1-2. She alleged that Kelley's grossly negligent and reckless conduct had caused permanent injuries, and sought damages of $500,000. *Id.* at 2-4. Kelley, a resident of Texas, removed the matter here. Docket No. 1.

The complaint was subsequently amended to add Kelley's employer, DTS Transportation, Inc. ("DTS"), as a defendant. Docket No. 17. DTS admitted that Kelley was driving in the course and scope of his employment, such that DTS is vicariously liable for Kelley's negligence. Docket No. 54. Kelley and DTS (together, "the defendants") stipulated to liability. *Id.*

On November 3, 2011, the defendants filed the present motion for summary judgment on punitive damages. They argue that Tatum has no evidence to support a jury finding of malice, gross neglect, or reckless disregard for safety. Docket No. 85, at 2-3. With Kelley having admitted his negligence and DTS alleged to have committed nothing more than vicarious liability, they argue that punitive damages in a simple motor vehicle accident such as this are precluded as a matter of law.

*Id.* at 4.  "The conduct in the previous [cited] cases included cars traveling in excess of the speed limit, hitting parked vehicles, making improper U-turns, passing school buses, and striking children. Yet a claim for punitive damages was rejected in each of them."  Docket No. 86, at 6 (citations omitted).

The defendants also claim that Tatum is procedurally barred from seeking punitive damages. Docket No. 85, at 1-2.  Tatum's May 3, 2011 discovery responses disclaimed punitive damages "at this time," but her November 2, 2011 supplemental responses sought to "reserve her right to seek punitive damages."  Docket Nos. 85-4; 85-5.  The defendants want to enforce her May 3 response.

Tatum responds that the motion is premature because discovery is ongoing, and argues that the defendants have "refused to provide the Plaintiff with the discovery needed to determine whether punitive damages are warranted in this case."  Docket No. 88, at 1.  She attaches DTS's discovery responses that, among other things, objected to interrogatories asking whether Kelley had ever before been cited for vehicle infractions, partially objected to whether he had ever been tested for drugs or alcohol, and objected to producing documents regarding other accidents in which Kelley may have been involved.  Docket Nos. 88-1, at 1-2; 88-2, at 6; 88-3, at 2-4.

On the law, Tatum contends that "no decision on punitive damages should be made until the jury first determines the question of compensatory damages."  Docket No. 88, at 2.  She asserts that Mississippi law "dictates that a punitive damages claim may not be dismissed and the court is required to submit a punitive damages claim to the jury after a compensatory verdict is rendered. Failure to do so is reversible error."  Docket No. 89, at 2 (citing *Bradfield v. Schwartz*, 936 So. 2d 931 (Miss. 2006)).  She also attempts to distinguish the defendants' cases by arguing that those previous courts ruled only after the close of discovery and a plaintiff's verdict at trial.  *Id.* at 4.

The defendants' rebuttal brief points to a number of cases from this Court granting summary judgment on punitive damages.  Docket No. 90, at 2.  In particular, they cite *Lee v. Harold David Story, Inc.*, No. 3:09-cv-696, 2011 WL 3047500 (S.D. Miss. July 25, 2011) (Lee, J.); *Barnett v. Skelton Truck Lines, Ltd.*, No. 2:05-cv-2047, 2006 WL 2056632 (S.D. Miss. July 21, 2006) (Starrett, J.); and *Francois v. Colonial Freight Sys., Inc.*, No. 3:06-cv-434, 2007 WL 4459073 (S.D. Miss. Dec. 14, 2007) (Barbour, J.).  They reiterate that the plaintiff lacks evidence warranting punitive damages.  *Id.* at 3.  Finally, they argue that the plaintiff was obliged, but failed, to compel their discovery responses that would support a claim for punitive damages.  *Id.* at 4.

II.   *Discussion*

   A.   *Law*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1)-(2). A party that "cannot present facts essential to justify its opposition," though, may receive more time to make its case. *Id.* at 56(d). The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted).

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

In Mississippi, punitive damages may be awarded "as punishment for the defendant's wrongdoings so that others may be deterred from similar offenses." *Gordon v. National States Ins. Co.*, 851 So. 2d 363, 366 (Miss. 2003) (citation omitted). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (quotation marks and citation omitted). The state legislature established the following standard for when a plaintiff may receive punitive damages:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code § 11-1-65(1)(a).

In considering whether punitive damages are appropriate to place before the jury, a trial court must first examine "[t]he totality of the circumstances and the aggregate conduct of the defendant." *Bradfield*, 936 So. 2d at 937 (quotation marks and citations omitted). The question is whether "a reasonable, hypothetical trier of fact could find either malice[,] gross neglect/reckless disregard,"

3

or fraud. *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 81 (Miss. 2003) (citation omitted).

  *B.*  Analysis

  Tatum's interpretation of the law of punitive damages has been rejected. Trial courts may grant summary judgment on punitive damages claims when the evidence is so lacking that no reasonable jury could impose punitive damages. *E.g.*, *Harold David Story*, 2011 WL 3047500, at *2 n.3. In addition, here, it is not certain that punitive damages may be assessed against DTS, because arguably none were sought against DTS in the amended complaint. *See id.* at *2 & n.2; Docket No. 17, at 3-4; Miss. Code § 11-1-65(1)(a). On the other hand, DTS' Answer and Defenses plainly thought that they were sought, acknowledging that "Plaintiff has made separate claims against Defendant [DTS] for compensatory and punitive damages." Docket No. 22, at 7. *But see* Docket No. 85, at 4 ("there are no direct allegations of wrongdoing against DTS").

  A review of the record suggests that it is not necessary to resolve these issues today. After the briefing on this motion was completed, Tatum moved to compel discovery responses from the defendants that, at least in part, sought to resolve her complaints about not receiving the evidence she desired to attempt to prove up punitive damages. Docket No. 91. The Magistrate Judge recently granted her motion in part. Docket No. 95.

  The parties have since exchanged some discovery requests and responses. *See* Docket Nos. 97-98; 100-01; 103. With those requests outstanding, they have not filed any supplemental briefs on this motion for summary judgment, and therefore it remains to be seen whether there is any reckless or grossly negligent behavior that could support punitive damages. The motion will be denied until all of the evidence has been discovered and presented.

  The Court earlier cited Rule 56(d)'s authority for district courts to defer or deny summary judgment where the available evidence is lacking but forthcoming. To be sure, Tatum has not sufficiently invoked that provision of the Rule: her response opposing the defendants' motion lacked the required affidavit or declaration containing "specified reasons" why she needed more time. Fed. R. Civ. P. 56(d). Nevertheless, the Order of an impartial Magistrate Judge compelling additional discovery on the issues in dispute is a more than ample substitute for a party's own affidavit or declaration.

  The defendants' procedural argument for summary judgment will also be denied. Assuming that Tatum had completely disclaimed a desire to seek punitive damages for a six-month period in

the middle of this lawsuit, her original complaint, her amended complaint, and her supplemental discovery responses all plainly sought punitive damages. Docket Nos. 1-2; 17; 85-5. The defendants' various answers confirm that they were on notice of the claim from the outset of this litigation. *See* Docket Nos. 4, at 1 and 4-6; 21, at 1 and 4-7; 22, at 1 and 4-7. In addition, the defendants have identified no actual prejudice that they suffered as a result of Tatum's first discovery responses.

The Court will consider all the evidence before determining whether an instruction on punitive damages is warranted, and hereby denies the motion for summary judgment without prejudice until after all the evidence has been presented and received.

"Of course, the denial of summary judgment on the issue of punitive damages does not foreclose the possibility that the Court might ultimately refuse to submit the question to a jury." *Welch v. Loftus*, 776 F. Supp. 2d 222, 227 (S.D. Miss. 2011) (citation omitted); *Gaddis v. Hegler*, No. 3:10-cv-249, 2011 WL 2111801, *5 (S.D. Miss. May 26, 2011); *see Graves ex rel. W.A.G. v. Toyota Motor Corp.*, No. 2:09-cv-169, 2011 WL 4625606, *4-6 (S.D. Miss. Oct. 3, 2011) ("[T]he court is doubtful that the issue will ultimately go to the jury, but that decision is best left until after the court has heard how the evidence plays out at trial.") (denying summary judgment and setting forth Mississippi's statutory procedure for submitting punitive damages to a jury); *Thompson v. Remington Arms Co.*, No. 5:09-cv-124, 2010 WL 3737869, *5 (S.D. Miss. Sept. 17, 2010).

SO ORDERED, this the 20th day of March, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE